# United States Court of Federal Claims

No. 19-0080
Filed: February 15, 2019

|  |  |
|---|---|
| DEMITRI RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On January 2, 2019, plaintiff, Demitri Russell, proceeding *pro se*, filed his Complaint with this Court. In his Complaint, plaintiff alleges that various United States federal district and circuit courts engaged in willful misconduct in active disregard of the law. Complaint (hereinafter "Compl.") at 2. Previously, plaintiff filed a complaint in the United States District Court for the Western District of Washington at Tacoma ("District Court"), alleging that his lawyer and employer violated his civil rights through religious discrimination. *Russell v. Bielfeld, et al.*, No. C17-5295 (W.D. Wash. May 3, 2017). The District Court dismissed plaintiff's Complaint as frivolous and for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* at 2. Subsequently, plaintiff filed an appeal in the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), which the Ninth Circuit dismissed as frivolous. *Russell v. Bielfeld, et al.*, No. C17-5295 (9th Cir. Jan. 23, 2018).

In the case at bar, plaintiff alleges that the District Court and Ninth Circuit engaged in willful misconduct through the disregard of law and order and violated the code of conduct, code of ethics, and code of professionalism for judicial employees in those courts' prior treatment of his case. Compl. at 1. Plaintiff requests that this Court vacate the Ninth Circuit's Order dismissing his appeal, and award punitive damages for the alleged abuse of process and negligence. Compl. at 2.

This Court's authority to hear cases is primarily set forth by the Tucker Act, which grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). In the present case, plaintiff alleges many different violations against the United States, specifically related to the conduct of its federal courts. However, it is well settled that the Court of Federal Claims does not have jurisdiction to review

the decisions of state courts and district courts. *See Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) (explaining that the Court of Federal Claims does not have jurisdiction over district court appeals); *Rohland v. United States*, 136 Fed. Cl. 55, 66–67 (Fed. Cl. 2018) (explaining that the Court of Federal Claims does not have jurisdiction over any appeals).

Plaintiff attempts to impute legal liability upon the United States for alleged misconduct within a number of federal jurisdictions. Compl. at 1. Therefore, plaintiff's Complaint is, in essence, an appeal. Judicial decisions, however, can only be reviewed by the appropriate appellate court. *Rohland,* 136 Fed. Cl at 66–67.

As the Court of Federal Claims has no jurisdiction to hear appeals from other courts, the Court has no choice but to dismiss plaintiff's Complaint. Upon *sua sponte* review, this Court finds that plaintiff's allegations do not give rise to any cause of action for which this Court has subject-matter jurisdiction. This Court has no authority to decide plaintiff's case, and therefore must dismiss the Complaint pursuant to RCFC 12(h)(3).

For the reasons set forth above, plaintiff's Complaint is hereby **DISMISSED**, *sua sponte*, pursuant to RCFC 12(h)(3). The Clerk of Court is hereby directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

_____
Loren A. Smith, Senior Judge